IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD WHITE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| GLOBAL PAYMENTS, INC., NDC CHECK SERVICES, INC. and UNITED RESOURCE SYSTEMS, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: CV 2009-162

## MEMORANDUM OF LAW

COMES NOW one of the defendants in the above-styled matter, UNITED RESOURCE SYSTEMS, INC., and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.2 respectfully submits this brief in support of its motion for summary judgment asks that this Court enter summary judgment in its favor. Further, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, United Resource Systems, Inc. asks this Court to make an express finding that there is no just reason for delay and make the judgment for this defendant final.

I.   **DETERMINATION OF UNDISPUTED FACTS**

The plaintiff brings his present claims against United Resource Systems, Inc. (hereinafter "URS") under the Fair Debt Collection Practices Act (15 U.S.C. Section 692 et seq.) and Fair Credit Reporting Act (15 U.S.C. Section 681 et seq.). (Doc. 1, p. 11-

1

{B1023254}

12). According to the plaintiff's complaint, the plaintiff incurred medical bills in 2004 in connection with an illness. (Doc. 1, ¶ 14). "Although plaintiff thought that all the bills had been paid, an outstanding bill related to radiological services he received was referred to defendant URS for collection." Id. Plaintiff contends this debt was subsequently paid. On October 25, 2005, URS issued a letter to plaintiff in which URS stated:

> Pursuant to your request, let this confirm that the below referenced account is paid in full and we consider the matter closed. United Resource Systems, Inc. has since notified the three major credit reporting agencies that your obligation has been satisfied.

(Doc. 1, ¶ 14).

Plaintiff claims URS subsequently caused the debt to appear on his credit reporting agency profile, although plaintiff has produced no evidence indicating any false information was supplied to the credit reporting agency by URS. Defendant URS initiated discovery, asking the plaintiff to produce all documents he claimed supported his allegations of misconduct and damages. The plaintiff's responses, attached as Exhibit 1, reference portions of 352 documents previously produced by the plaintiff during earlier discovery.

URS will not burden the Court with the entire 352-page production. The plaintiff's filing contains, among other things, the letter from URS of October 25, 2005, referenced above, confirming that "the three major credit reporting agencies [have been] notified that Mr. White's obligation has been satisfied." (Exhibit 2) The production also contains a letter from Equifax to plaintiff of December 9, 2005, stating that the debt

{B1023254}

involving URS "has been deleted from the credit file." (Exhibit 3). There is a credit report dated March 26, 2007, which demonstrates that Equifax and Experian did not reference the former debt, while TransUnion showed a $0 balance/paid collection. (Exhibit 4). Also of note, when the plaintiff apparently attempted to "dispute" the "debt" with TransUnion at a later date, TransUnion informed plaintiff that "our records show that the information you disputed does not currently appear on your TransUnion credit report." (Exhibit 5). None of the documents show that URS improperly communicated with the credit reporting agencies.

In fact, the only document produced by the plaintiff which is an actual communication from URS is the letter to the plaintiff of October 25, 2005, which indicated the credit reporting agencies had been properly notified. (Exhibit 2). While there does not appear to be any evidence of misreporting by the credit reporting agencies, to the extent such exists, the plaintiff has not shown that URS is the source of any misreporting. Finally, the plaintiff has produced no documents to support any claim that he was damaged by any of the alleged misconduct of URS.

## II.   STANDARD OF REVIEW

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may move at any time for summary judgment. "The judgment shall be rendered forthwith if . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Id. In Hairston v. Gainesville Sun Pub. Co., 9 F.3d. 913, 918 (1993), reh'g and reh'g en banc denied, 16 F.3d 1233

{B1023254}

(11th Cir. 1994), the Eleventh Circuit recognized the seminal case concerning summary judgment, Celotex Corp. v. Catrett, 477 U.S. 317 (1986), noting the following passage:

> "The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all facts immaterial."

9 F.3d at 918.

As to the defendant's burden,

> [t]he party seeking summary judgment bears the initial burden to demonstrate to the District Court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories and admissions which it believes show an absence of any genuine issue of material fact. . . . If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact.

9 F.3d at 918-919.

In this matter, the plaintiff does not dispute the fact that, when he requested of URS written confirmation that his debt had been paid, "URS complied with that request and issued a letter" stating, in part, that URS had additionally "notified the three major credit reporting agencies that [plaintiff's] obligation has been satisfied." (Doc. 1, ¶ 14). The parties have now exchanged initial disclosures, and the plaintiff has responded to URS' request for production, as described above. The plaintiff, however, has not produced any documents indicating that URS is the source of any incorrect reporting by

4

{B1023254}

the credit agencies as to the debt at issue. If anything, the plaintiff has produced documents indicating the credit reporting agencies properly reported the debt. For example, the plaintiff produced an Equifax document, dated December 9, 2005, in which Equifax states that the debt at issue "has been deleted from the credit file." (Exhibit 3). The credit report of March 26, 2007, shows that Equifax and Experian do not even reference the debt, while TransUnion states it has a $0 balance/paid collection. (Exhibit 4). In fact, when the plaintiff later apparently "disputed" the "debt" with TransUnion, TransUnion informed plaintiff that "the information you disputed does not currently appear on your TransUnion credit report." (Exhibit 5).

Furthermore, to the extent the credit reporting agencies did misreport the debt, the plaintiff has not shown that URS is the source of the misreporting, rather than the credit reporting agencies themselves. In fact, the only communication originating from URS which the plaintiff has produced specifically states URS "notified the three major credit reporting agencies that [the plaintiff's] obligation has been satisfied." (Exhibit 2). Essentially, the plaintiff asks the Court to speculate, without foundation, that URS is the source of any alleged misreporting. Finally, the plaintiff has produced no document to support he was damaged in any way by the supposed misreporting.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the United States Supreme Court held that a defendant can meet his burden under Federal Rule of Civil Procedure 56 by "pointing out to the District Court . . . that there is an absence of evidence to support the non-moving party's case." Id. at 325. Therefore, since the plaintiff has purported to produce all documents in his possession which demonstrate liability on the part of URS

{B1023254}

and damages to plaintiff, it is now appropriate under Federal Rule of Civil Procedure 56 for this Court to grant summary judgment for URS. Id.; see also Exhibit 1. Moreover, the plaintiff cannot rely on mere speculation or conjecture to rebut this motion and instead must go "beyond the pleadings" to establish a factual, evidentiary basis for his claims. See Id.; Hairston, 9 F.3d at 918-919; F.R.C.P. 56.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests this Court to dismiss the plaintiff's cause of action against United Resource Systems, Inc. and enter summary judgment in favor of this defendant, with prejudice.

Respectfully submitted,

_____
W. Christian Hines, III   (HINEW4358)
ASB 4358-N77W
Starnes & Atchison, LLP
RSA-Battle House Tower, Suite 20290
11 North Water Street
Post Office Box 1548
Mobile, AL 36633-1548
Telephone: (251) 433-6049
Fax: (251) 433-5901
E-mail: wch@starneslaw.com

J. Bentley Owens, III
ASB 1986-O44J
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
Post Office Box 598512
Birmingham, AL 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: jbo@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on _____October 14_____, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Riemer, Esq.
Post Office Box 1206
Mobile, AL 36633

and I hereby certify that I have mailed by United States Postal Service, properly addressed and first-class postage prepaid, the document to the following non-CM/ECF participants:

Nicholas P. Panayotopoulos, Esq.
Lucy R. Atkinson, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN & DIAL, LLC
950 E. Paces Ferry Road, Suite 3000
Atlanta, GA 30326

_____
OF COUNSEL

{B1023254}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD WHITE | * |
| | * |
| Plaintiff, | * |
| | * |
| VS. | *   CV 2009-162-KD-N |
| | * |
| GLOBAL PAYMENTS, INC., et al. | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSES TO UNITED RESOURCE SYSTEMS
FIRST REQUEST FOR PRODUCTION**

1. In Paragraph 14 of the plaintiff's complaint, Mr. White claims that "in 2005, plaintiff realized that URS continued to report on his credit report that the account remained unpaid." Please produce, and identify by specific Bates- stamped number in your response, any documents showing that "URS continued to report on his [plaintff's] credit report that the account remained unpaid."

    RESPONSE:

    Any responsive documents are included in those documents produced and bates stamped "white000001" through "white000352." Among those documents, the documents that reflect or relate directly to URS' reporting of credit information include the following:
    0001 - 28
    44-65
    66-93
    94-127
    129-174
    175-76
    179-196
    198
    199-204
    220-241
    242-269
    270-303
    305-250
    351-352

2. In Paragraph 14 of the plaintiff's complaint, Mr. White claims that he "disputed the debt with



the consumer reporting agencies and with URS." Please produce, and identify by specific Bates-stamped number in your response, any document evidencing that Mr. White "disputed the debt with the consumer reporting agencies and with URS."

**RESPONSE:**

See response to Request No. 1.

3. In Paragraph 15 of the plaintiff's complaint, Mr. White claims that "URS continued to report on plaintiff's Equifax credit report that an outstanding balance is owed on this account." Please produce, and identify by specific Bates-stamped number in your response, any document evidencing "URS continued to report on plaintiff's Equifax credit report that an outstanding balance is owed on this account."

**RESPONSE:**

See response to Request No. 1.

4. In Paragraph 16 of the plaintiff's complaint, Mr. White claims that Equifax ultimately "deleted the URS trade line. The debt was reported again to Equifax under a slightly altered account number and was deleted by Equifax, in response to plaintiff's dispute, on May 26, 2006." Please produce, and identify by specific Bates-stamped number in your response, any document which you contend is evidence that URS was the cause or source of the debt allegedly being "reporting again to Equifax under a slightly altered account number."

**RESPONSE:**

See response to Request No. 1. More specifically, see Doc. 199.

5. In Paragraph 16 of the plaintiff's complaint, Mr. White claims that Equifax ultimately "deleted the URS trade line. The debt was reported again to Equifax under a slightly altered account number and was deleted by Equifax, in response to plaintiff's dispute, on May 26, 2006." Please produce, and identify by specific Bates-stamped number in your response, any document which purports to show that the "debt was reported again to Equifax under a slightly altered account number and was deleted by Equifax [sic]

**RESPONSE:**

See response to Request No. 1. More specifically, see Doc. 199.

6. In Paragraph 17 of the plaintiff's complaint, Mr. White claims that "on May 11, 2006, plaintiff submitted a written dispute of the URS reporting to Experian. Plaintiff included

with the dispute a copy of the URS letter acknowledging that the debt was paid in full. Upon information and belief, that dispute was forwarded by Experian to URS." Please produce, and identify by specific Bates-stamped number in your response, all documents from which plaitniff derived his "information and belief . . . that [the] dispute was forward by Experian to URS."

**RESPONSE:**

See response to Request No. 1.

7. In Paragraph 18 of the plaintiff's complaint, Mr. White contends that "on March 26, 2007, plaintiff discovered that the URS tradeline was reporting on his Transunion and Experian credit reports as an 'open collection account.'" Please produce, and identify by specific Bates-stamped number in your response, any document evidencing that "the URS trade line was reporting on his Transunion and Experian credit reports as an 'open collection account.'"

**RESPONSE:**

See response to Request No. 1.

8. In Paragraph 19 of the plaintiff's complaint, Mr. White contends that "plaintiff also discovered on March 27, 2007, that URS had pulled his credit file on May 15, 2006, for 'collection' purposes." Please produce, and identify by specific Bates-stamped number in your response, all documents upon which the plaintiff bases the allegation that "URS had pulled his credit file on Mary 15, 2006, for 'collection' purposes."

**RESPONSE:**

See response to Request No. 1. More specifically, see doc. 62 and 238 (duplicate).

9. In Paragraph 19 of the plaintiff's complaint, Mr. White claims that URS "pulling [Mr. White's] credit report . . . adversely effects plaintiff's credit worthiness." Please produce, and identify by specific Bates-stamped number in your response, any document which supports this claim.

**RESPONSE:**

See response to Request No. 1.

3

10. In Paragraph 57 of the plaintiff's complaint, Mr. White claims that URS attempted to "collect amounts which are not authorized by any contract or judgment in violation of 15 U.S.C. § 1692 F(1)." Please produce, and identify by specific Bates-stamped number in your response, any document which supports this claim.

**RESPONSE:**

See response to Request No. 1.

11. In Paragraph 57 of the plaintiff's complaint, Mr. White contends that URS communicated "to third-parties, including consumer reporting agencies, false information. This false information included reporting that plaintiff owed a debt to defendant when defendant knew or, had a reasonable investigation been made, should have known was not owed by plaintiff in failing to report that that was disputed. This is in violation of 15 U.S.C. § 169eE(a)." Please produce, and identify by specific Bates-stamped number in your response, all "false information" referenced above.

**RESPONSE:**

See response to Request No. 1.

12. In Paragraph 58 of the plaintiff's complaint, Mr. White contends that "some or all actions taken by URS in violation of the FDCPA occurred within one year of the filing prior to this action." Please produce, and identify by specific Bates-stamped number in your response, any document which you contend demonstrates any action taken by URS within one year of the filing of the present action, as claimed in Paragraph 58.

**RESPONSE:**

See response to Request No. 1.

13. In Paragraph 59 of the plaintiff's complaint, Mr. White contends that as a result of URS' alleged violations of the FDCPA, "plaintiff has suffered actual damages, including mental and emotional pain, stress and anguish, humiliation and embarrassment, as well as damages to his credit and reputation." Please produce, and identify by specific Bates-stamped number in your response, any document which supports these claimed damages.

**RESPONSE:**

See response to Request No. 1.

14. In Paragraph 64 of the plaintiff's complaint, Mr. White claims that "URS provided derogatory and false credit information to the CRA's, including Equifax and Transuion." Please produce, and identify by specific Bates-stamped number in your response, "the derogatory and false credit information" allegedly provided by URS to the "CRA's, including Equifax and Transunion.

    **RESPONSE:**

    See response to Request No. 1.

15. In Paragraph 69(b) of the plaintiff's complaint, Mr. White contends that URS "continue[d] to report derogatory information of plaintiff's credit report regarding the alleged debt to which URS knew or should have known, had it conducted an adequate investigation, to be incomplete, inaccurate and/or not verifiable." Please produce, and identify by specific Bates-stamped number in your response, all documents showing that URS "continue[d] to report derogatory information on plaintiff's credit report regarding this alleged debt."

    **RESPONSE:**

    See response to Request No. 1.

16. In Paragraph 70 of the plaintiff's complaint, Mr. White contends that he suffered damages, including "loss of credit, [and the] loss of the ability to purchase and benefit from credit." Please produce, and identify by specific Bates-stamped number in your response, any evidence demonstrating that Mr. White suffered "loss of credit, [and the] loss of ability to purchase and benefit from credit."

    **RESPONSE:**

    See response to Request No. 1.

17. Please produce any and all documents the plaintiff claims will support any of the damages claimed in this suit as resulting from the actions or inactions of United Resource Systems, Inc.

    **RESPONSE:**

    Plaintiff objects to this request on grounds that it is overly broad; and, because it seeks to require Plaintiff's counsel to select and identify "supporting" documents, the request seeks information which constitutes attorney work-product and seeks to invade the mental process of Plaintiff's counsel. Subject to and without waiving said objections, Plaintiff states that he has already produced those non-privileged documents within his custody and control

5

which relate to his claims.

_____
KENNETH J. RIEMER (RIEMK8712)
Post Office Box 1206
Mobile, Alabama 366330
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
kjr@alaconsumerlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing on the following by placing a copy of the same in the U.S. Mail, first-class postage prepaid, on this the ___ day of September, 2009:

Michael A. Sexton
Weinberg, Wheeler, Hudgins,
Gunn & Dial, LLC
950 E. Paces Ferry Road,
Suite 3000
Atlanta, GA 30326

W. Christian Hines, III
Starnes & Atchison, LLP
Post Office Box 1548
Mobile, AL 36633-1548

J. Bentley Owens, III
Starnes & Atchsion, LLP
P. O. Box 598512
Birmingham, AL 35259-8512

Nicholas P. Panayotopoulos
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
950 E. Paces Ferry Road, Suite 3000
Atlanta, GA 30326

[signature]
COUNSEL



**United**
**Resource Systems, Inc.**
10075 West Colfax Avenue, Lakewood, CO 80215
Phone (303) 205-0152 Fax (303) 205-0153
www.urs-inc.com

October 25, 2005

Ronald White
407 Hounds Run East
Mobile, AL 36608

Dear Ronald White:

Pursuant to your request let this confirm the below referenced account is paid in full and we consider the matter closed. United Resource Systems, Inc. has since notified the three major credit reporting agencies that your obligation has been satisfied.

Account Number:    618946 - 042
Creditor:          MOUNTAIN RADIOLOGY

If you have any questions or require any additional information please do not hesitate to contact me directly.

Sincerely,

*Lin Witerski*

Lin Witerski
Account Representative

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We Honor Visa – Mastercard – American Express
Electronic Funds Transfer (Check By Phone) Available – Call For Details



DEFENDANT'S EXHIBIT 2

White000001

P.O. Box 105069
Atlanta, GA 30348

December 9, 2005

**EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com

000528055-556
Ronald Scott White
407 Hounds Run E
Mobile, AL 36608-5404

Dear Ronald Scott White:

Enclosed is a copy of your Equifax credit file. Please review it for any unauthorized accounts or inquiries. If unauthorized information is reporting on your Equifax credit file, you may start an investigation immediately on-line at www.investigate.equifax.com. Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns. You may also start an investigation by completing and returning the enclosed Research Request Form or by calling the toll free telephone number on the credit file. Please advise us of any documents that may help us in the reinvestigation, such as an identity theft report or letters from credit grantors.

You should contact the credit grantors that are reporting information you believe is fraudulent. Ask them to explain their fraud investigation process, what steps should be taken and how long the process normally takes. Additionally request that they send you a letter or documentation stating the results of the investigation. Upon receipt, forward a copy of that letter to us.

If your ID information, such as driver's license or social security card, was lost or stolen, contact the appropriate issuing agency.

**Results of Your Investigation** (For your security, the last 4 digits of your credit account number(s) have been replaced by *)

>>> We have reviewed the former address. The results are: This item has been deleted from the credit file. *9635 Hanford CT Mobile AL 36695*

>>> We have reviewed the former address. The results are: This item has been deleted from the credit file. *PO Box 50668 Mobile AL 36605*

>>> We have researched the collection account. 61894601 The results are: This item has been deleted from the credit file. If you have additional questions about this item please contact: *United Resource Systems, 10075 W Colfax Ave, Lakewood, CO 80215-3907 Phone: (303) 205-0152*

>>> We have researched the credit account. Account # - 2500000000900291* The results are: This account has been updated to report as closed. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Amsouth IL, 720 39th St N, Birmingham, AL 35222-1112 Phone: (205) 326-5120*

>>> We have researched the credit account. Account # - 529107149937* The results are: This fraud account/inquiry has been deleted. If you have additional questions about this item please contact: *Capital One, PO Box 85520, Richmond, VA 23285-5520*

>>> We have researched the credit account. Account # - AMERICAN -1783* The results are: This fraud account/inquiry has been deleted. If you have additional questions about this item please contact: *Medclear Inc, 507 Prudential Rd, Horsham, PA 19044-2308 Phone: (800) 541-2742*

>>> We have researched the credit account. Account # - 10247739120* The results are: The balance of this item has been updated. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: *Nissan Motor Acceptance, Human Resources, IRVING, TX 75063-3153 Phone: (800) 456-6622*

The FBI Has Named Identity Theft As The Fastest Growing Crime In America.
Protect yourself with Equifax Credit Watch™, a service that monitors your credit file every business day and notifies you within 24 hours of any activity. To order, go to: *www.creditwatch.equifax.com*


DEFENDANT'S EXHIBIT 3

Page 1 of 14

White000008
5298021662G66-000528055- 556 -1182 - BS

# EQUIFAX



### 3-in-1 Credit Report as of March 26, 2007

**Name:** RONALD WHITE

This credit report is available for you to view until 05/01/2007 This report will not update. If you would like a credit report as of a later date, you may order another one in the Member Center.

| Section Title | Section Description |
|---|---|
| 1. Personal Information | Personal data, addresses, employment history |
| 2. Account Information | Detailed account information |
| 3. Inquiries | Companies that have requested or viewed your credit information |
| 4. Collections | Accounts turned over to collection agencies |
| 5. Public Records | Bankruptcies, liens, garnishments and other judgments |
| 6. Consumer Statment | Letter added to credit file written by consumer |
| 7. Dispute File Information | How to dispute information found on this credit report |

### Personal Information

This 3-in-1 Credit Report is available for you to view until 05/01/2007. This report will not update. If you would like a current 3-in-1 Credit Report, you may order another by clicking "Order New Report" above.

### Registration Information

**Name:** RONALD WHITE
**Address:** 407 HOUNDS RUN E MOBILE, AL 366085404
**Social Security Number**

The following information is from the three nationwide credit reporting agencies.

### Identification Information

|  | Equifax | Experian | TransUnion |
|---|---|---|---|
|  | Reported | Reported | Reported |
| Name: | RONALD SCOTT WHITE | RONALD SCOTT WHITE | RONALD SC WHITE |
| Social Security Number: |  |  |  |
| Age or Date of Birth: | 08/1968 |  | 08/1968 |

**DEFENDANT'S EXHIBIT 4**

White000220

### UNTD RES SYS

| | Equifax | Experian | TransUnion |
|---|---|---|---|
| | Not Reported | Not Reported | Reported |
| Account Type: | | | Open |
| Account Number: | | | |
| Payment Responsibility: | | | Individual |
| Date Opened: | | | 12/2003 |
| Balance Date: | | | 07/2008 |
| Balance Amount: | | | $0 |
| Monthly Payment: | | | |
| High/Limit: | | | $142 |
| Account Status: | | | Collection |
| Past Due Amount: | | | $0 |
| Comments: | | | ORIGINAL CREDITOR MED MOUNTAIN RADIOLOGY PAID COLLECTION |

### UNTD RES SYS

10075 W COLFAX AVE
LAKEWOOD, CO 80215
(303) 205-0152

**24-Month Payment History**

No 24-Month Payment Data available for display.

**Seven-Year Payment History**

| | Equifax | Experian | TransUnion |
|---|---|---|---|
| 30 Days Past Due: | | | 0 |
| 60 Days Past Due: | | | 0 |
| 90 Days Past Due: | | | 0 |

### WASHMUTUAL/PROVIDIAN

| | Equifax | Experian | TransUnion |
|---|---|---|---|

```
*** 203649134-002 ***
P.O. BOX 2000
Chester, PA 19022-2000
```


TransUnion.

```
MARCH 18, 2009              FILE NUMBER 203649134


00009807
RONALD SCOTT WHITE JR
78 THORNTON LN
GRANTVILLE, GA 30220
```

Thank you for contacting TransUnion. Our goal is to maintain complete and accurate information on consumer credit reports. We have provided the information below in response to your request.

Re: Dispute Status - UNITED # 6189, NDC CK # WHIR

Based on the information provided to TransUnion, our records show that the information you disputed does not currently appear on your TransUnion credit report.

If you have any additional questions or concerns, please contact TransUnion at the address shown below, or visit us on the web at www.transunion.com for general information. When contacting our office, please provide your current file number 203649134.

```
P.O. BOX 2000
CHESTER, PA 19022-2000
```

PAGE 01


DEFENDANT'S EXHIBIT 5

00030609  1/4

White000351