IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD WHITE, )  | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 09-0162-KD-N |
| ) | |
| GLOBAL PAYMENTS, INC., NDC ) | |
| CHECK SERVICES, INC., and UNITED ) | |
| RESOURCE SYSTEMS, INC., ) | |
| ) | |
|     Defendants. ) | |

## ORDER

This action is before the Court on the motion for summary judgment filed by defendant United Resource Systems, Inc. (United), plaintiff Ronald White's (White) response, United's reply, and supporting evidence (docs. 29, 30, 35, 42).  Upon consideration, and for the reasons set forth herein, United's motion for summary judgment is **GRANTED.**

    I. Procedural background

On March 26, 2009, White filed his complaint against the defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1592, *et seq*., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.  In Count V, White alleges that United is a debt collector as defined in the FDCPA, 15 U.S.C. § 1692a(6).  White alleges that United violated 15 U.S.C. § 1692f(1) of the FDCPA by attempting to collect unauthorized amounts and also violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating to third parties, including the consumer reporting agencies, false information that White still owed a debt to United when a reasonable investigation would have shown that the debt was paid.  In Count VI, White alleges that United violated 15 U.S.C. § 1681s-2(b) of the FCRA by furnishing false and derogatory

credit information to the consumer credit reporting agencies when it continued to report the debt due after it had been paid in full. White also alleges that because United knew the debt had been paid, it violated 15 U.S.C. § 1681b(a) of the FCRA when it pulled White's credit report on May 16, 2006 because United had no permissible purpose for accessing his credit information at that time. (doc. 1, p. 10-14)

    II. Factual background

Ronald White is a consumer who incurred a debt to Mountain Radiology in 2004. The debt was turned over to United for collection and White paid the debt in either 2004 or 2005. In 2005, White realized the debt continued to report on his credit reports as an account remaining unpaid. White disputed the debt with the credit report agencies and United.

On October 25, 2005, White received a letter from United stating as follows:

> Pursuant to your request let this confirm that the below referenced account is paid in full and we consider the matter closed. United Resource Systems, Inc., has since notified the three major credit reporting agencies that your obligation has been satisfied.

(doc. 35-1). On November 14, 2005, the debt again appeared on White's credit report (doc. 35-2).[1] Plaintiff disputed the debt to Equifax.

On December 9, 2005, Equifax sent White a copy of his Equifax credit file. Equifax reported the following "Results of Your Investigation", in relevant part:

> We have researched the collection account, 61894601. The results are: This item has been deleted from the credit file. If you have additional questions about this item please contact: United Resource Systems, 10075 W Colfax Ave., Lakewood, CO 80215-3907 Phone (303) 205-0152.

---

[1] Exhibit 35-2 is a blank page. However, in White's statement of facts, he explains that the debt appeared on this report. United does not dispute this in its reply.

(doc. 35-3).

>On May 11, 2006, White wrote Experian as follows:
>
>I have had this very issue removed from my credit report for years now, and it keeps popping up.  I have attached a letter from the company at United Resource Systems stating that this was handled months ago . . . this making several times now we have handled this.
>
>I am buying a home.  I need [it] removed asap.  I spoke with a supervisor the other day and they requested this paper.
>
>PLEASE rush this matter, as I would greatly appreciate it.  It wasn't supposed to be on my credit report in the first place, and the removable is holding up my home closing.

(doc. 35-4) (emphasis in original).

>On May 23, 2006, Equifax wrote White and in relevant part stated as follows:
>
>Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file.  Equifax contacted each source directly and our investigation is now completed. . . .
>
>We have researched the collection account.  Account # D618946N1.  The results are: This item has been deleted from the credit file.

(doc. 35-5).   This letter also stated that a "consumer statement has been added/updated to your credit file as you had requested." (Id.).  White's consumer statement read as follows: "Global is not my at all.  URSystems closed this acc. 2 years ago.  I have a letter" (Id.)

On March 26, 2007, Equifax provided White a three-in-one credit report which showed that Equifax did not report the United Resource Systems debt.  In the section entitled, "Account Information", TransUnion reported the debt as an "Account Type" - "Open", with an "Individual" responsible for payment, an opening date of "12/2003", a "Balance Date" of "4/2006", a "Balance Amount" of "$0", a "High/Limit" of "$142.00", the "Account Status" as "Collection", and a "Past Due Amount" of "0".  The comments section stated: "Original Creditor

Med1 Mountain Radiology Paid Collection". The report also showed the debt with "United Res Syst" as a "0" for 30, 60 and 90 days past due (doc. 35-6, p. 16-17). Experian reported White's account under the section titled "Collections" and identified "United Resource Syst" as the "Collector". The account status was reported as "Open" but the "Balance Amount" was blank. (doc. 35-6, p. 20).

The report also included White's consumer statement to Equifax: "Global is not my at all. URSystems closed this acc 2 years ago I have a letter . . . " (doc. 35-6, p. 21). There were no consumer statements with Experian or TransUnion. (Id.) In the section entitled, "Inquiries", the report shows that a company identified as "United Recovery Syst" a "Collections Service" inquired, or "pulled", White's credit file with Experian on May 15, 2006 (doc. 35-6, p. 19).

On October 26, 2008, White obtained another three-in-one credit report from Equifax. TransUnion again reported the debt as an "Account Type" - "Open", with an "Individual" responsible for payment, an opening date of "12/2003", a "Balance Date" of "4/2006", a "Balance Amount" of "$0", a "High/Limit" of "$142.00", the "Account Status" as "Collection", and a "Past Due Amount" of "0". The comments section stated: "Original Creditor Med1 Mountain Radiology Paid Collection". (doc. 43-1, p. 16-17). This same information also appeared in the section entitled "Negative Accounts". The report explained that "Negative Accounts" generally remain on the credit report for seven years from either "the date the account first became past due" or from "the date of the late payment." (doc. 43-1, p. 22, 24). The report indicated that the debt was paid and there was a "$0" balance (doc. 43-1, p. 24). This same information also appeared in the section entitled "Closed Accounts" (doc. 43-1, p. 24-26). In the section entitled "Collections", Experian reported "United Resource Syst" as a "closed" account,

4

but TransUnion and Equifax did not make any report as to United.

On March 18, 2009, TransUnion wrote White stating as follows:

> . . . We have provided the information below in response to your request.
> Re:     Dispute Status - United # 6189   NDC CK # WHIR
> Based on the information provided to TransUnion, our records show that the information you disputed does not currently appear on your TransUnion credit report.

(doc. 30, Exhibit 5).

### III.  Standard of Review

Summary judgment should be granted only if "there is no genuine issue as to any material fact and [ ] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).9 The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment always bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted). The mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Sec'y of the Dep't of Children & Family Serv., 358 F.3d 804, 809 (11th Cir. 2004), cert. den., 534 U.S. 1081 (2005).

   IV.  Analysis

   A. Count V pursuant to the FDCPA

In Count V, White alleges that United continued to report that an outstanding balance was owed on the collection account after White paid the debt.  White alleges that this continued reporting is an attempt to collect unauthorized amounts and a communication of false information to third parties, including the consumer reporting agencies, in violation of the FDCPA.

On motion for summary judgment, United argues that White has provided no evidence that United is the source for the alleged incorrect and illegal post-payment reporting of this debt to the three credit reporting agencies.  United also argues that White has produced no evidence that the credit reporting agencies incorrectly reported the status of White's account.  United argues that White "cannot rely on mere speculation or conjecture" and must "go beyond the pleadings to establish a factual, evidentiary basis for his claims."

In response, White argues there is sufficient evidence from which a jury could conclude that United falsely reported the information and was attempting to collect a debt in violation of the FDCPA because "it is established that the [United] account was reported as an 'open'

account on several occasions and as late as October 26, 2008".

United as the "moving party bears the burden of proving that no genuine issue of material fact exists[,]" Information Systems and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002), and "the court must satisfy itself that the burden has been satisfactorily discharged". Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).  United may "discharge this initial responsibility by showing that there is an absence of evidence to support the nonmoving party's case" Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004).  Generally, "[i]t is never enough for the movant simply to state that the non-moving party cannot meet its burden at trial." Mullins v. Crowell, 228 F.3d 1305, 1313 (11 th Cir. 2000) (citation omitted).

United correctly points out that White has not produced any evidence that United reported the debt to any of the three credit reporting agencies at any time after the debt was paid. Instead, White's argument boils down to the simplistic assertion that since the United Resource Systems debt appears on the report, United must have reported it.  This is not a reasonable inference from the evidence before the Court.  White has not even attempted to present evidence, from which possible inferences could be made, regarding the method by which Equifax/Experian/TransUnion derived and processed the information they reported.   Without at least some evidence from which a reasonable juror could infer that United caused the reported debt to continue to appear on the credit report, White cannot prevail on his claims that United attempted to collect unauthorized amounts or that United furnished false information to the consumer credit reporting agencies.

    B. Count VI pursuant to the FCRA

White claims that United violated FCRA by failing to conduct a reasonable investigation after receiving White's dispute of the debt report.  However, the evidence establishes that after White disputed the debt, United wrote a letter to White dated October 25, 2005, confirming that the account was paid and that the three major credit reporting agencies had been notified.  Thus, there is no basis to claim that the initial investigation was inadequate as it resulted in a favorable determination for White.

White continues in his argument that FCRA was violated alleging that, despite United's investigation and response to White, United continued to report the account as "open."  However, as addressed previously, White has failed to present any evidence that United gave false or inaccurate information to the credit reporting agencies.  Instead, other than the October 25, 2005 letter confirming that the agencies had been notified that the account was paid, the only evidence of <u>any</u> contact between United and a credit reporting agency indicates that the result was to delete the contested item.[2]  Thus, there is no evidence that United provided false or inaccurate information to a credit reporting agency.

White also alleges that United "pulled" his credit report for collection purposes in May 2006 and that since the debt had been paid, United had no permissible purpose for obtaining his credit report and thus violated FCRA.  United responds that a different agency "United Recovery Systems" not United Resource Systems, obtained White's credit information in May 2006.

The credit report of March 2007, identifies "United Recovery Syst" a "Collections

---

[2]  "Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file.  Equifax contacted each source directly and our investigation is now completed.... We have researched the collection account.  Account # D618946N1.  The results are: This item has been deleted from the credit file."  (Doc. 35-5).

Service" as the entity which "pulled" White's credit file with Experian on May 15, 2006 (doc. 35-6, p. 19).  United has provided an affidavit in support of its argument that it did not pull the credit report wherein its Legal Manager Dan Marchand states that United Recovery Systems is based out of Franklin, Tennessee and is not associated or affiliated with United Resources Systems, Inc. (Doc. 42, Exhibit D). White has not provided the Court with any evidence to the contrary.  Thus, summary judgment is granted in favor of United as to any claim that the FCRA was violated on basis of the "credit pull" allegedly by "United Resource Syst" on May 15, 2006.

V.  Conclusion

For the reasons set forth herein, summary judgment is granted in favor of defendant United.  Accordingly, White's claims against United are hereby dismissed with prejudice.

**DONE** and **ORDERED** this 21st day of January, 2010.

 s / Kristi K DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**